FILED
2016 Apr-01  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL UPTON, | }<br>} |
| Plaintiff, | }<br>} |
| v. | }   CIVIL ACTION NO.<br>}<br>}   2:15-cv-2131-WMA |
| DAY & ZIMMERMAN NPS, | }<br>} |
| Defendant. | } |

## **MEMORANDUM OPINION**

In this employment discrimination case, plaintiff Michael Upton ("Upton") alleges that defendant Day & Zimmerman NPS ("D & Z") unlawfully refused to hire him and conducted prohibited medical inquiries, in violation of the Americans with Disabilities Act and § 504 of the Rehabilitation Act. D & Z is a federal contractor, providing services to the government through entities such as the Tennessee Valley Authority. (Doc. 1 at 2-3, ¶ 6). D & Z filed a partial motion to dismiss, only seeking dismissal of Upton's Rehabilitation Act claim, because it contends that it does not receive "Federal financial assistance," a requirement to establish liability. 29 U.S.C. § 794(a). Upton only alleges that D & Z receives federal assistance by virtue of the contracts. (Doc. 1 at 2-3, ¶ 6).

"Congress intended section 504 to apply broadly to institutions receiving federal financial assistance." *Moore v. Sun Bank of N. Fla., N.A.*, 923 F.2d 1423, 1429 (11th Cir. 1991). Not

all government payments, however, qualify as federal financial assistance. "[W]hen the federal government makes payments for obligations incurred as a market participant such payments do not constitute 'federal assistance.'" *Arline v. Sch. Bd. of Nassau Cty.*, 772 F.2d 759, 762 (11th Cir. 1985). "Generally, 'to determine the applicability of [the Rehabilitation Act], [a court] must determine whether the government intended to give [the defendant] a subsidy,' as opposed to compensation." *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005) (quoting *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1382 (10th Cir. 1990)). Payment for services rendered under a federal contract plainly qualifies as compensation, not a subsidy. Contrary to Upton's assertion, this type of contract is quite different from the "contracts of insurance or guaranty" the Eleventh Circuit found to "constitute federal financial assistance within the meaning of section 504" in *Moore*, 923 F.2d at 1431.

    Upton also presents two other arguments against dismissal. First, he argues that he suspects that D & Z may receive federal funds through other means such as federally provided training programs. Upton requests that dismissal be denied pending discovery of such methods. Second, Upton contends that, since the Rehabilitation Act claim is largely duplicative of his ADA claims, D & Z would not be prejudiced by the court's denial of the motion. Both of these arguments fail. "Rule 8 . . . does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). If Upton is not willing to plead, consistent with Rule 11, that D & Z in fact receives federal financial assistance, he is not permitted to proceed to discovery on his claims based upon nothing more than a hope that such assistance exists. In fact, Upton's professed need for that discovery belies his contention that D & Z would not be prejudiced by allowing the Rehabilitation Act claim to proceed. As D & Z correctly points out, "Upton will seek discovery regarding the existence and terms of any federal contract, instances in which [D & Z] has received federal monies and the amount, and information and documents pertaining to [D & Z's] interactions with federal agencies and personnel. The additional discovery will increase the time and money the parties must expend in discovery." (Doc. 13 at 6, ¶ 9). Accordingly, D & Z's partial motion to dismiss (Doc. 8) will be granted by separate order.

DONE this 1st day of April, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE